IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                   Case No. 15-1206-JWB

DEFENDANT NO. 1:
REAL PROPERTY KNOWN AS 12516
WEST 164TH STREET, OVERLAND PARK,
KANSAS;

DEFENDANT NO. 2:
REAL PROPERTY KNOWN AS 3612
WYATT LANE, TEXARKANA, TEXAS;

DEFENDANT NO. 3:
REAL PROPERTY KNOWN AS 1
WINDMERE, TEXARKANA, TEXAS,
($119,976.91 Substituted),

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on a motion to dismiss by Claimant Valerie Shehata (hereinafter "Claimant"). (Doc. 76.) Plaintiff has filed a response, and the time for further briefing has expired, making the motion ripe for decision. (Doc. 80.) For the reasons stated herein, the motion to dismiss (Doc. 76) is DENIED.

**I. Background**

Plaintiff alleges in an amended complaint that the Defendant properties are subject to forfeiture under 18 U.S.C. § 981(a)(1)(c) because they were purchased with proceeds of wire fraud, conspiracy, and/or money laundering. (Doc. 7 at 3.) According to the complaint, Claimant's

husband Nagy Shehata (hereinafter "Shehata") was charged with wire fraud and money laundering based on allegations that he and Laura Lee Sorsby made false representations that induced an individual in Turkey to wire them over $8 million for investment in a real estate project, which Shehata and Sorsby then diverted for their own purposes. An agent's affidavit alleges that Shehata and Claimant signed a contract on December 17, 2010, to purchase Defendant No. 1 (12516 W. 164th St., Overland Park, Kansas), and that Shehata used $651,397.46 in funds obtained from the fraud victim to pay for the house. (*Id.* at 10-11.) Claimant has filed a claim to Defendant No. 1, alleging that she is a co-owner of the property. (Doc. 12.)

In June of 2018, Shehata pleaded guilty to one count of conspiracy to commit wire fraud. As part of his plea agreement, he admitted having used approximately $855,388.27 of the victim's money to buy a house. Shehata was sentenced in September 2019 to 32 months imprisonment, two years of supervised release, and $8,362,200 in restitution. His prison sentence was subsequently reduced to time-served based on a motion for compassionate release. *See United States v. Shehata,* No. 15-20052-JWB (D. Kan.).

Claimant now moves to dismiss the amended complaint on constitutional grounds, arguing forfeiture of Defendant No. 1. would violate her right to due process of law under the Fifth Amendment. (Doc. 76 at 5.) Alternatively, she argues the court should hold the government to a beyond-a-reasonable-doubt standard in proving its claim. (*Id.*) The arguments are based primarily on Justice Thomas's statement concerning denial of certiorari in *Leonard v. Texas*, 137 S. Ct. 847 (Mem.) (2017).

**II. Standard**

Under the rules governing civil forfeiture actions, a claimant who has standing to contest the forfeiture may move to dismiss the action under Fed. R. Civ. P. 12(b). *See* Rule G(8)(b)(ii) of

2

the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims (hereinafter "Supp. R.")  The current motion arises under Fed. R. Civ. P. 12(b)(6) insofar as it alleges that the allegations in the amended complaint fail to state a claim upon which relief can be granted.  To withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

**III. Analysis**

The court rejects the argument that Claimant's right to due process would be violated by forfeiture of Defendant No. 1 under the allegations in the amended complaint and the procedures of 18 U.S.C. § 983.  Claimant's argument is essentially that forfeiture is punitive in nature but lacks the procedural protections required for criminal proceedings, such as proof beyond a reasonable doubt.  That view is clearly at odds with the view of Congress, which specifically dictated that in a suit brought under a civil forfeiture statute, "the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture." 18 U.S.C. § 983(c)(1).  That standard resulted from the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), which itself heightened the burden of proof from a lower "probable cause" standard that previously applied.  *See United States v. Assorted Jewelry Approximately Valued at $44,328.00*, 833 F.3d 13, 17 (1st Cir. 2016).  Not only does a presumption of constitutionality attach to such legislation passed by Congress (*see United States v. Morrison*, 529 U.S. 598, 607

3

(2000)), but the Supreme Court has consistently rejected the premise that forfeiture of this type is punitive in nature.

In *United States v. Ursery*, 518 U.S. 267, 274 (1996), the Supreme Court noted Congress had long authorized the government to bring parallel criminal actions and *in rem* civil forfeiture proceedings based on the same underlying events. The Court further noted that "in a long line of cases, this Court has considered the application of the Double Jeopardy Clause to civil forfeitures, consistently concluding that the Clause does not apply to such actions because they do not impose punishment." *Id.* In so concluding the Court endorsed a two-part inquiry from *United States v. One Assortment of 89 Firearms*, 465 U.S. 354 (1984), that asked the following questions in determining whether a forfeiture is punitive: first, did Congress intend the particular forfeiture to be a remedial civil sanction or a criminal penalty? And second, is the forfeiture so punitive in purpose or effect as to negate Congress's intention to establish a civil remedial mechanism? *Ursery,* 518 U.S. at 278 (citations omitted.) Application of that test shows the instant forfeiture is a civil remedy and not a criminal punishment. Congress specifically endorsed a civil proceeding and preponderance-of-evidence standard in § 983, and the effect of forfeiture would be to remedy damage from Shehata's admitted fraud by forfeiting assets purchased with criminal proceeds and restoring funds to the victim of his fraud. *Cf. 89 Firearms*, 465 U.S. at 365 ("'Only the clearest proof' that the purpose and effect of the forfeiture are punitive will suffice to override Congress' manifest preference for a civil sanction.") The purely civil nature of the forfeiture in this instance refutes Claimant's argument that due process mandates the use of protections applicable to criminal proceedings. *Cf. United States v. Parcel of Prop.*, 337 F.3d 225, 232 (2d Cir. 2003) ("After *Ursery* it seems quite clear to us that Congress may constitutionally impose a standard of proof in forfeiture cases less stringent than would be required in criminal proceedings.")

4

A thorough analysis of the due process question was undertaken by Magistrate Judge Gordon P. Gallagher in *United States v. $114,700 in United States Currency*, No. 17-cv-CMA-GPG, 2017 WL 6205529, (D. Colo. Dec. 8, 2017), *aff'd.*, 2018 WL 655040 (D. Colo. Feb. 1, 2018). As noted in that case, CAFRA provided for a preponderance-of-evidence standard for forfeiture and an innocent owner defense. *Id.*, 2017 WL 6205529 at * 2. Additional procedural protections included a right to representation by counsel and, in some circumstances, the right to jury trial. *Id. See also* Supp. R. G(9); Fed. R. Civ. P. 38. As noted in *$114,700,* the Supreme Court in *Matthews v. Eldridge*, 424 U.S. 319 (1976) set forth three factors for determining whether a particular standard of proof satisfies due process: 1) the governmental interest served by the procedure; 2) the individual interest affected by the official action; and 3) the risk of erroneous deprivation and the probable value of additional safeguards. *Id.*, 2017 WL 6205529, at * 3. Application of these factors shows that use of a preponderance standard does not violate Claimant's right to due process of law. The government clearly has a legitimate interest in remedying fraud committed through means of interstate commerce. That interest would be unnecessarily impaired by a heightened burden of proof, particularly where (as here) the commission of the underlying fraud has already been established in a criminal proceeding. The individual interest that would be adversely affected from an erroneous forfeiture decision here is potentially significant – Claimant asserts that Defendant No. 1. is her residence – but that interest is adequately safeguarded by an innocent owner defense that is subject to the same preponderance standard applicable to the government's claim. 18 U.S.C. § 983(d)(1). The fact that the same standard applies to the establishment of such a defense serves to reduce the risk of an erroneous forfeiture decision and renders unpersuasive the argument that use of the preponderance standard is fundamentally unfair. For all of the foregoing reasons, the court finds that forfeiture under the

facts alleged in the amended complaint, and under the procedures of § 983, does not violate Claimant's right to due process of law.

**IV. Conclusion**

Claimant's motion to dismiss (Doc. 76) is DENIED.  IT IS SO ORDERED this day of May, 2022.

s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE
